# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

BENJAMIN MOSS, )
)
    Petitioner, ) C. C. A. NO. 02C01-9802-CR-00044
)
vs. ) SHELBY COUNTY
)
STATE OF TENNESSEE, ) No. P-19164
)
    Respondent. )

FILED

May 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals. The petitioner was originally convicted of second degree murder and sentenced to forty years imprisonment. This Court affirmed the conviction and sentence on appeal. State v. Benjamin Moss, No. 02C01-9404-CR-00072 (Tenn. Crim. App., Nov. 2, 1994). In 1995, the petitioner filed a petition for post-conviction relief, which was denied by the trial court after an evidentiary hearing. On appeal, finding that the petitioner was denied his right to file an application for permission to appeal to the Supreme Court, this Court vacated and reinstated its opinion on the direct appeal. Benjamin Moss v. State, No. 02C01-9602-CR-00064 (Tenn. Crim. App., Feb. 18, 1997). However, the petitioner never filed an application for permission to appeal.[1]

In November 1997, the petitioner filed a second petition for post-conviction relief claiming ineffective assistance of counsel and errors of the trial court. The trial court dismissed the petition finding: 1) the petitioner had previously filed a petition which was resolved on the merits by a court of competent jurisdiction; 2) the petitioner waived his claim of ineffective assistance of counsel; and 3) the petitioner's claim of trial court errors had been previously determined. On appeal, the petitioner is

---

[1] The Supreme Court denied the petitioner's motion for an extension of time in which to file his application.

again claiming he was denied his right to file an application for permission to appeal to the Supreme Court.[2]

T.C.A. § 40-30-202(c) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed a petition that was resolved on the merits by the trial court and by this Court on appeal, the petitioner's present petition was properly dismissed. Additionally, after reviewing the entire record on appeal, we find that the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened. See T.C.A. § 40-30-217. Moreover, as properly found by the post-conviction court, the issues raised in the present petition have either been waived or previously determined. See T.C.A. § 40-30-206.

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

[2] The petitioner also claims that his court appointed counsel did not meet the requirements of Rule 14, Rules of the Supreme Court, following this Court's opinion in February 1997. Contrary to the petitioner's claim, however, this Court, finding that counsel fully complied with the requirements of Rule 14, granted counsel's motion to withdraw from further representation of the petitioner in this matter. This claim is without merit.

Enter, this the ____ day of May, 1998.


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE